**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-1735

ANTONIO CARLOS QUINTEIRO SALGADO,

Petitioner,

v.

MERRICK B. GARLAND,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: March 28, 2024                                Decided: April 1, 2024

Before KING and RUSHING, Circuit Judges, and MOTZ, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Antonio Carlos Quinteiro Salgado, Petitioner Pro Se. Anthony Cardozo Payne, Assistant Director, Jeffery R. Leist, Senior Litigation Counsel, Alexander Jacob Lutz, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Carlos Quinteiro Salgado, a native and citizen of Brazil, petitions for review of an order of the Board of Immigration Appeals sustaining the Department of Homeland Security's appeal from the immigration judge's decision granting Salgado withholding of removal under the Convention Against Torture (CAT) but denying all other forms of relief. Upon review of the administrative record, in conjunction with the parties' arguments and the relevant authorities, we discern no error in the Board's ruling that the immigration judge clearly erred in his factual determination on the issue of Salgado's potential to internally relocate to avoid future torture. *See Turkson v. Holder*, 667 F.3d 523, 530 (4th Cir. 2012) ("[A] decision regarding a petitioner's likely future mistreatment is a factual determination, subject to [Board] review under the clearly erroneous standard."). Specifically, the noncitizen seeking CAT protection must show that internal relocation would not be possible, *see* 8 C.F.R. § 1208.16(c)(3)(ii), and substantial evidence supports the Board's ruling that Salgado failed to make the requisite showing, *see Ponce-Flores v. Garland*, 80 F.4th 480, 484 (4th Cir. 2023) ("The agency's factual findings—including its predictions about the likelihood of future mistreatment and government acquiescence—'are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" (quoting 8 U.S.C. § 1252(b)(4)(B)). Accordingly, we deny the petition for review for the reasons stated by the Board. *See In re Salgado* (B.I.A. June 12, 2023).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*